UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE BYRON WATSON                                CIVIL ACTION

VERSUS                                               NO. 22-156

COMMISSIONER OF                                      SECTION: "H" (5)
PROBATION EDWARD DOLAN

## REPORT AND RECOMMENDATION

Petitioner, Lawrence Byron Watson, filed the above-captioned petition for habeas corpus relief pursuant to Title 28 U.S.C. § 2254, challenging his February 16, 1995, conviction for domestic abuse and subsequent parole supervision in the Dorchester Division of the Boston Municipal Court in Dorchester, Massachusetts.[1] (Rec. docs. 1, 4-3). He acknowledges in a motion to transfer the petition to the United States Court of Appeals for the First Circuit (rec. docs. 7, 9), that this petition for federal habeas corpus relief was improperly filed in the Eastern District of Louisiana.[2]

Watson was convicted and sentenced in Dorchester, Massachusetts, and although no longer incarcerated there, may still be under restrictive orders issued by the Dorchester Division of the municipal court in the City of Boston, Suffolk County, Massachusetts, which is

---

[1] Watson contemporaneously filed two similar § 2254 habeas petitions in this Court: *Watson v. Dolan*, Civ. Action No. 22-153 "L"(4) and *Watson v. Dolan*, Civ. Action No. 22-151 "A"(3).

[2] In his motion, he requests transfer to the federal appeals court in Boston. He offers no legal basis for transferring the instant matter, filed in an incorrect federal district court, to an appeals court. As Judge Fallon determined in a similar case filed by Watson, in declining his request for transfer to the appeals court, the appropriate federal district court should first determine if the petition is second or successive pursuant to 28 U.S.C. § 2244(b). *Watson v. Dolan*, Civ. Action No. 22-153 "L" (4) (Rec. Doc. 12).

located within the boundaries of the United States District Court for the District of Massachusetts. 28 U.S.C. § 101. He plainly challenges convictions, sentences, and/or court orders issued in state court proceedings that were entered in the District of Massachusetts, not the Eastern District of Louisiana. The undersigned recommends that this matter, like his others, be transferred to the United States District Court for the District of Massachusetts. *See* 28 U.S.C. § 2241; 28 U.S.C. § 1406(a); 28 U.S.C. § 1631; *Watson v. Dolan*, Civ. Action No. 22-153 "L"(4) (adopting Report and Recommendation and ordering transfer of the Section 2254 petition to the United States District Court for the District of Massachusetts).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the District of Massachusetts.

**IT IS FURTHER RECOMMENDED** that the Motion to Transfer (rec. doc. 9) and related Motion to File a Non-Conforming Motion (rec. doc. 10) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this  13th  day of            April         , 2022.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　MICHAEL B. NORTH
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.